Marshall V. OTIS et al., Plaintiffs,

v.

Lon V. BOYD, County Judge, Quarterly Court, et al., Defendants.

Civ. A. No. 2221.

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 7, 1968.

John S. McLellan, D. Bruce Shine, Kingsport, Tenn., for plaintiffs.

Charles M. Gore, Gore, Ladd & Gillenwater, Luther H. Icenhour, Jr., County Atty., for Sullivan County, Tenn., Bristol, Tenn., for defendants.

Paul E. Jennings, Asst. Atty. Gen., State of Tenn., Nashville, Tenn., for State defendants.

Before PHILLIPS, Circuit Judge, TAYLOR, Chief District Judge, and NEESE, District Judge.

PER CURIAM.

This is an action by seven citizens, taxpayers and voters of Sullivan County, Tennessee, seeking reapportionment of the Quarterly County Court of that county. The case was heard on briefs and oral arguments on October 29, 1968, before a District Court of three judges convened pursuant to 28 U.S.C. §§ 2281 and 2284. Plaintiffs claim that T.C.A. §§ 19–102 and 19–103 and the last grammatical sentence of Article VI, § 15 of the Constitution of Tennessee, are void as applied to Sullivan County in that plaintiffs and other citizens of that county are deprived of rights under the equal protection clause of the Fourteenth Amendment. Plaintiffs further assert that these code sections and this provision of the Constitution of Tennessee, together with Public Acts of 1835–36, Chapter 246, § 3, result in an unconstitutional malapportionment of the Quarterly County Court of the county. Injunctive relief is sought to restrain the

enforcement of these statutes and the provision of the State Constitution.

Defendants do not deny that as a matter of law the Quarterly County Court of Sullivan County as it is presently constituted and organized is malapportioned under controlling law. Defendants contend, however, that a reapportionment plan adopted under a resolution passed May 20, 1968, by the Quarterly County Court of Sullivan County comports with the Constitution of the United States and the applicable decisional law thereunder. This resolution was adopted pursuant to Chapter 599, Public Acts of 1968, and by its terms will not become effective until 1972.

 Upon consideration, it is ordered, adjudged and decreed as follows:

(1) That the Quarterly County Court of Sullivan County, Tennessee, as presently constituted is malapportioned and such malapportionment is offensive to the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45.

(2) That T.C.A. §§ 19–102 and 19–103 and the last grammatical sentence of Article VI, § 15 of the Constitution of Tennessee are invalid as applied to the Quarterly County Court of Sullivan County, as presently constituted. Hyden v. Baker, 286 F.Supp. 475 (M.D. Tenn.).

(3) That under federal decisional law the provision of Chapter 599, Public Acts of 1968, deferring reapportionment of Quarterly County Courts until August 1972, is not controlling in reapportioning a Quarterly County Court on the "one-man, one-vote" basis in conformity with the equal protection clause of the Fourteenth Amendment.

(4) That the reapportionment plan adopted by the Quarterly County Court of Sullivan County in its resolution of May 20, 1968, fails to conform with federal decisional law in at least two particulars: (a) The plan would not become effective until August 1972; and (b) proposed District No. 5, with 2389 registered voters, is allowed three magistrates on the ground that this district includes Blountville, the county seat of the county, as provided by T.C.A. § 19–103, thereby creating an imbalance in representation as compared to other proposed districts with a comparable number of registered voters.

Determination of questions as to the validity of other aspects of the plan adopted May 20, 1968, is reserved.

(5) That on or before February 1, 1969, the Quarterly County Court of Sullivan County shall file with the court a proposed plan for reapportioning or redistricting the membership of such Quarterly County Court in compliance with the "one-man, one-vote" principle. In devising such plan, no additional member or members shall be allowed for the civil district in which the county seat is located or for any incorporated town within the county. Since census figures are not available for civil districts, the Quarterly County Court in devising its plan proposing districts for apportionment purposes may use and rely upon voter registration figures.

(6) Within ten days after the filing of such plan, any party to this action shall have a right to file objections thereto.

(7) Until after the filing of such plan and the expiration of the time for filing objections thereto, all other questions are reserved.