**William J. SUDEKUM et al., Plaintiffs-Appellants,**

v.

**John HAYES et al., Defendants-Appellees.**

No. 19632.

United States Court of Appeals Sixth Circuit.

July 3, 1969.

Barrett & Mitchell, Nashville, Tenn., George E. Barrett, Larry Helm Spalding, Nashville, Tenn., for appellants.

James M. Hunter, County Atty., for Sumner County, Tennessee, Gallatin, Tenn., for appellees.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PER CURIAM.

█ This appeal involves the application of the one-man, one-vote rule to a county legislative body, the Quarterly County Court of Sumner County, Tennessee. In Tennessee counties the Quarterly County Court is composed of magistrates (also known as justices of the peace), elected by popular vote. There can be no dispute that the Quarterly County Court is a county governing body with certain legislative powers and is subject to the one-man, one-vote rule. Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45; Bennett v. Elliott, 294 F.Supp. 808 (M.D.Tenn.); Otis v. Boyd, 294 F.Supp. 813 (E.D.

Tenn.); Hyden v. Baker, 286 F.Supp. 475 (M.D.Tenn.).

In the present case District Judge William E. Miller entered a judgment dividing Sumner County into four magisterial districts of approximately equal population. Six magistrates are to be elected from each district. Appendix A to this opinion is the judgment of the District Court. The District Court did not effect any change in the boundaries of the existing civil districts of Sumner County from which magistrates or justices of the peace have been elected in the past.

On this appeal it is not disputed that the plan adopted by the District Court conforms adequately to the one-man, one-vote rule as required in Avery v. Midland County, *supra*. The appeal is grounded on the fact that the judgment of the District Court violates Article 6, Section 15 of the Constitution of Tennessee, which provides that two magistrates shall be elected from each civil district, except districts including the county seat, which shall elect three magistrates.[1]

The judgment shows on its face that the District Judge undertook to find a plan which would conform both to the requirements of Article 6, § 15 of the State Constitution and the equal protection clause of the Fourteenth Amendment and found it impossible to do so.

■■ "When there is an unavoidable conflict between the Federal and a State Constitution, the Supremacy Clause of course controls." Reynolds v. Sims, 377

U.S. 533, 584, 84 S.Ct. 1362, 1393, 12 L.Ed.2d 506. In the present case Article 6, § 15 of the Tennessee Constitution must yield to the equal protection clause of the Fourteenth Amendment.

In Bennett v. Elliott, *supra*, 294 F.Supp. 808 (M.D.Tenn.) a statutory three-judge District Court approved a plan for the election of the Quarterly County Court of Washington County, Tennessee, which provided for the election of magistrates from designated districts and eight magistrates from the county at large. The plan was attacked on the ground that the county-wide election of eight magistrates violated Article 6, § 15 of the State Constitution. In rejecting this contention the Court said:

"The objection that the plan violates a state constitutional provision in providing for members elected at large is without merit, since the ultimate measure of the plan's validity is the Fourteenth Amendment to the United States Constitution and not state law." 294 F.Supp. at 810.

In Hyden v. Baker, *supra*, a statutory three-judge District Court entered an unpublished order on September 3, 1968, approving a plan for the election of the Quarterly County Court of Shelby County, Tennessee, which divided the county into seven magisterial districts with one magistrate to be elected from each district, and further provided for the election of four magistrates from the county at large.

In Otis v. Boyd, *supra*, a statutory three-judge District Court entered an

---

1. Article 6, § 15, Constitution of Tennessee:
   "*Sec. 15. Districts in counties—Justices and constables—Number—Term—Removal from district.*—The different Counties of this State shall be laid off, as the General Assembly may direct, into districts of convenient size, so that the whole number in each County shall not be more than twenty-five, or four for every one hundred square miles. There shall be two Justices of the Peace and one Constable elected in each district by the qualified voters therein, except districts including County towns, which shall elect three Justices and two Constables. The jurisdiction of said officers shall be co-extensive with the County. Justices of the Peace shall be elected for the term of six, and Constables for the term of two years. Upon the removal of either of said officers from the district in which he was elected, his office shall become vacant from the time of such removal. Justices of the Peace shall be commissioned by the Governor. The Legislature shall have power to provide for the appointment of an additional number of Justices of the Peace in incorporated towns."

unpublished order on February 25, 1969, approving a plan for the election of the Quarterly County Court of Sullivan County, Tennessee. This plan divided the county into sixteen magisterial districts and did not change the existing civil districts from which magistrates previously had been elected. Five magisterial districts elect one magistrate each, three districts elect two magistrates each, three districts elect three magistrates each, one district elects four magistrates, two districts elect five magistrates each, one district elects six magistrates and one district elects eight magistrates.

The plans approved for Washington, Shelby and Sullivan Counties, Tennessee, by statutory three-judge courts all failed to conform to the requirements of the Constitution of Tennessee.

█ Appellants in the present case limit their appeal to that part of the District Court judgment which provides for the election of six magistrates from each magisterial district instead of two magistrates as provided by the Constitution of Tennessee. It is contended that this Court should amend the judgment by reducing the number of magistrates to be elected from each magisterial district from six to two, thereby reducing the total membership of the Quarterly County Court of Sumner County from twenty-four to eight. We find no abuse of discretion in the decision of the District Judge providing four magisterial districts represented by six magistrates each, rather than a larger number of districts with a smaller number of magistrates per district.

The judgment of the District Court is affirmed.

### APPENDIX A

On September 26, 1968, counsel for plaintiffs in Civil Action No. 5196 filed a complaint in the United States District Court for the Middle District of Tennessee seeking to have the Quarterly County Court of Sumner County, Tennessee, reapportioned on the theory that the present composition of that body violated the principle of one-man, one vote as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. A similar suit was filed by the plaintiffs in Civil Action No. 5198 on September 27, 1968. By order the Court on November 25, 1968, these two causes of action were consolidated for hearing and argument.

The cause came on to be heard on November 25, 1968, upon the motion of plaintiffs in Civil Action No. 5198 for summary judgment on the basis of admissions in the answer of the defendants eliminating any factual controversy as to the malapportioned status of the Quarterly County Court. A reapportionment plan submitted to the Court at that hearing by the defendants was rejected, however, primarily because the Court was of the view that reasonable efforts should be made to devise a plan having two magistrates for each district and hence, if reasonably possible, to comply with Article VI, Section 15 of the Tennessee Constitution.

At the second hearing in this cause on May 9, 1969, the Court was presented four plans for consideration: two alternate plans by the defendants in addition to one plan submitted by each set of plaintiffs. The second reapportionment plan of defendants provided for a redrafting of district boundaries and was based on the number of houses in the county multiplied by the national average of 3.8 persons per house. The third reapportionment plan of the defendants likewise required a changing of district lines, but used voter registration lists compiled prior to the November 1968 election. Plaintiffs' plan in Civil Action No. 5196 retained the exact structure of the present Quarterly County Court but sought to eliminate the inequities of the system by allowing "weighted voting", i. e. a magistrate was given from two to forty votes depending upon the number of registered voters in his district. The plaintiffs' plan in Civil Action No. 5198 was based on the post-November registration lists and consolidated several existing districts, thereby creating a small-

**44**

er number of districts with approximately the same number of registered voters in each. After consideration of oral argument and written memorandums concerning each of these plans, the Court rejected all but the plaintiffs' plan in Civil Action No. 5198. The defendants were, however, given ten (10) days to submit objections to the tentatively acceptable plan and/or to draft an alternate proposal, following the principle of consolidation of existing districts.

On May 28, 1969, the third hearing of this cause was held. The defendants submitted a fourth reapportionment plan for consideration by the Court. Upon oral argument, counsel for the plaintiffs in Civil Action No. 5198 stated that said plaintiffs would prefer the adoption of their plan, deemed tentatively acceptable by the Court, but would raise no objection to the defendants' fourth reapportionment plan except as to the allotment of ten magistrates to each of the four districts. Plaintiffs' attorney argued that this reduction was required by Article VI, Section 15 of the Constitution of the State of Tennessee.

The Court concluded on the basis of the pleadings and statements of counsel that the only issue to be resolved was the number of magistrates per district to be elected under the defendants' fourth reapportionment plan, and instructed counsel for all parties to meet to resolve their differences, if possible. The Court was of the view that the number should be fixed at some figure between ten and two magistrates for each district, and so stated to the parties. Agreement by the parties was not forthcoming.

It is the opinion of the Court that the defendants' fourth reapportionment plan does not discriminate against any race or segment of the electorate, that the said plan was formulated by local residents of Sumner County familiar with the area, and that it gives due consideration to the number of registered voters, being in compliance with the one-man, one-vote requirement. Inasmuch, however, as the parties to this litigation were unable to agree as to an acceptable num-ber of magistrates per district, it is accordingly

ORDERED

that the above fourth reapportionment plan as submitted by the defendants is approved and accepted by the Court and shall be implemented as hereinafter provided, with the exception that the number of magistrates per district shall be reduced from ten (10) per district to six (6) per district, constituting a total of twenty-four (24) magistrates for the entire Quarterly County Court with the following district structure:

*Magisterial District No. 1* shall consist of the Fourth Civil District and the V.F.W. Voting Precinct, Guild School Voting Precinct, City Hall Voting Precinct, Howard School Voting Precinct and Vena Stuart Voting Precinct, all of which precincts are located in the Third Civil District of Sumner County, Tennessee.

*Magisterial District No. 2* shall consist of the Fifth Civil District of Sumner County, Tennessee.

*Magisterial District No. 3* shall consist of the Sixth Civil District, the Seventh Civil District, the Eighth Civil District, the Fifteenth Civil District, the Sixteenth Civil District and the Liberty Voting Precinct from the Ninth Civil District of Sumner County, Tennessee.

*Magisterial District No. 4* shall consist of Gallatin High School Voting Precinct from the Third Civil District, the First Civil District, the Second Civil District, the Salem Voting Precinct from the Ninth Civil District, the Tenth Civil District, the Eleventh Civil District, the Twelfth Civil District, the Thirteenth Civil District, the Fourteenth Civil District and the Seventeenth Civil District of Sumner County, Tennessee.

It is further ORDERED that an election of Justices of the Peace for the Quarterly County Court of Sumner County, Tennessee, as redistricted, shall be called, duly advertised in each Sumner County newspaper and held on Thursday, August 7, 1969, with the newly elected Justices of the Peace to take office on

Monday, August 11, 1969, to hold their offices until their successors are duly elected at the next General Election for Justices of the Peace in August, 1972, and shall have duly qualified.

It is further ORDERED that a special registration for voters shall be held in each Magisterial District of the County as soon as possible, that registrars shall be sent to each of said districts simultaneously and for a period of one week, including a Saturday. Nothing in this portion of the order shall interfere with or prevent the continued and usual registration of voters hereafter at the courthouse at any time in keeping with current practice.

It is further ORDERED that a copy of the new plan for redistricting the County Court of Sumner County, Tennessee, including the county map of the new districts, shall be advertised and published in each county newspaper once a week for four (4) consecutive weeks. Such publication shall also contain notice that a special election will be held on Thursday, August 7, 1969, and that a registration of voters in the special election will be necessary.

It is further ORDERED that the present Quarterly Court of Sumner County at its meeting on July 14, 1969, shall consider only routine matters, and it specifically shall not consider or act upon matters relating to the county tax rate, school bonds or any unusual appropriations.

It is further ORDERED that the County Judge, I. C. McMahan, shall call a special session of the newly constituted Sumner County Quarterly Court to take place after August 10, 1969, but no later than August 25, 1969, at which special session the Quarterly County Court will consider the matters of the tax rate, any bond issues and any remaining appropriations or other business matters.

This judgment shall constitute the Court's findings of fact and conclusions of law. Jurisdiction is retained to enforce the terms of this judgment. Court costs are adjudged against defendants in their official capacities.

/s/ WILLIAM E. MILLER
United States District Judge