STATE of Tennessee ex rel. Carl. A. JONES, et al., *Complainants-Appellants,*

v.

WASHINGTON COUNTY, Tennessee, et al., Defendants-Appellees.

Court of Appeals of Tennessee, Western Section.

Jan. 22, 1973.

Frank Bryant and Bryant, Price, Brandt & Jordan of Johnson City, for complainants-appellants, State of Tenn. ex rel. Carl A. Jones and others.

Judson D. Thornton and Robert M. May, Jonesboro, for defendants-appellees, Washington County and others.

CARNEY, Presiding Judge.

Plaintiffs below, Carl A. Jones, T. W. Atkins, and Frank Bryant, citizens and residents of Washington County, Tennessee, have appealed from a decree of the Chancery Court of Washington County dismissing their original suit seeking to hold illegal and void a plan of reapportionment of the Justices of the Peace of Washington County adopted by the Washington County Court of date August 25, 1971, and amended January 24, 1972. The appellants' bill petitioned the Chancery Court to reapportion the county as provided by T.C.A. Section 5–111 and in accordance with the "one man, one vote rule"

established by Reynolds v. Sims (1963), 379 U.S. 870, 85 S.Ct. 12, 13 L.Ed.2d, 76, and other decisions of the Federal Courts.

The reapportionment plan divided Washington County into sixteen voting districts from each of which two Justices of the Peace were to be elected and also provided for eleven additional Justices to be elected from the county "at large" making a total of 43 Justices of the Peace.

One of the grounds of illegality alleged by appellants is that the reapportionment of the districts was made from registration lists as furnished by the Election Commission Registrar of Washington County and not from actual census records of 1970.

The other ground of attack is that the reapportionment plan is in direct conflict with Article 6, Section 15, of the Tennessee Constitution which limits the Justices to two from each district except the district containing the county town which is allowed three.

First, we copy pertinent sections of the Tennessee Code and Constitution:

T.C.A. Section 5–110. "District maps and boundaries.—The quarterly county court shall make or have made, a map showing civil districts of the county and, on the same or on a separate map, the county districts from which the members are elected to the quarterly county court and shall have typed or printed, a description of the boundaries of the civil districts and the county districts. A copy of the map or maps and the accompanying descriptions of the civil district boundaries and the county district boundaries, shall be filed with the county court clerk and a copy also shall be filed with the secretary of state. The quarterly county courts shall have until July 1, 1969, to comply with the foregoing provision as it concerns civil districts and until April 1, 1972, as it concerns other districts from which members of the court are elected. Revised maps shall be filed within ninety (90) days of

any revision in any civil district or any other district from which members of the court are elected."

T.C.A. Section 5–111. "Reapportionment of justice of peace districts—Election.—Prior to January 1, 1972, the county courts of the different counties shall meet and, a majority of the acting justices of the peace being present and concurring, shall change the boundaries of districts or redistrict a county entirely if necessary to apportion the justices of the peace among the districts substantially according to population, so as to provide for substantially the same number of persons per justice of the peace in each of the districts. At the August 1972 election, justices of the peace shall be elected from the districts so provided.

"To determine the population within a district, United States census of population shall be used, but when United States census of population is not available the court may presume that the number of registered voters in a district is in direct proportion to the population within a district.

"Not later than each six (6) years following the first apportionment under the terms of this section, and each six (6) years thereafter the county courts, a majority of the acting justices of the peace being present and concurring, shall apportion the justices of the peace among the districts substantially according to population. A county court may reapportion the districts at a lesser interval than every six (6) years so that at the first election of justices following publication of the census results, justices may be elected from districts of substantially equal population.

"Upon application of any citizen of the county affected the chancery court of said county shall have original jurisdiction to review the county court's apportionment, and shall have jurisdiction to make such orders and decrees amend-

ing that apportionment to comply with this section, or if the county court fail to make apportionment, shall make a decree ordering an apportionment. (Acts 1968 (Adj.S.), ch. 599, §§ 1, 2, 3, 5, 6, 12; 1972 (Adj.S.), ch. 615, § 1.)"

T.C.A. Section 5–112. "Civil districts boundaries and record keeping.—The record keeping role of the present civil districts, shall be left undisturbed and the boundaries of civil districts shall be preserved as they exist at the time of the apportionment of the quarterly county courts. (Acts 1968, (Adj.S.), ch. 599, § 8.)"

Tennessee Constitution—Article 6, Section 15—"Districts in Counties—Justices and constables—Number—Term—Removal from district.—The different Counties of this State shall be laid off, as the General Assembly may direct, into districts of convenient size, so that the whole number in each County shall not be more than twenty-five, or four for every one hundred square miles. There shall be two Justices of the Peace and one Constable elected in each district by the qualified voters therein, except districts including County towns, which shall elect three Justices and two Constables. The jurisdiction of said officers shall be co-extensive with the County. Justices of the Peace shall be elected for the term of six, and Constables for the term of two years. Upon the removal of either of said officers from the district in which he was elected, his office shall become vacant from the time of such removal. Justices of the Peace shall be commissioned by the Governor. The Legislature shall have power to provide for the appointment of an additional number of Justices of the Peace in incorporated towns.

T.C.A. Section 19–102—"Number from each district.—For each district of every county, except those districts including county towns, two (2) justices of the peace shall be elected by the qualified

voters therein. (. . . Acts 1968 (Adv.S.), ch. 599, § 11.)"

T.C.A. Section 19–103—"Number elected from county town district.—No district shall elect more than two (2) justices of the peace, except the district wherein the county town is located, which shall elect three (3). (Acts 1968 (Adj.S.), ch. 599, § 4.)"

The leading cases on the subject of reapportionment of state legislatures and subordinate legislative bodies are the cases of Baker v. Carr, (1962), 369 U.S. 186, 82 S. Ct. 691, 7 L.Ed.2d 663; Reynolds v. Sims, 379 U.S. 870, 85 S.Ct. 12, 13 L.Ed.2d 76; Vann v. Baggett, 379 U.S. 871, 85 S.Ct. 13, 13 L.Ed.2d 76; McConnell v. Baggett, 379 U.S. 871, 85 S.Ct. 13, 13 L.Ed.2d 77; Burns v. Richardson, 384 U.S. 73, 86 S.Ct. 1286, 16 L.Ed.2d 376; Avery v. Midland County, Texas, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45.

In the case of Hyden v. Baker (D.C. Cir.), 286 F.Supp. 475, and companion case of Bennett v. Elliott (D.C. Cir.), 294 F. Supp. 808, the Federal Court held that Article 6, Section 15, of the Constitution of Tennessee and T.C.A. Sections 19–101, 19–102, and 19–103, as applied to the apportionment of the Quarterly County Courts of Shelby and Washington Counties were void as violative of rights secured by the equal protection clause of the Fourteenth Amendment to the United States Constitution.

In Otis v. Boyd (D.C. Cir.), 294 F.Supp. 813, the Federal District Court approved a reapportionment plan for Sullivan County, Tennessee, which allowed 48 Justices of the Peace from 16 magisterial districts. One district had as many as eight Justices of the Peace, some districts elected three, and some districts elected only one. Hyden v. Baker, supra, approved the election of Justices of the Peace at large in Shelby County.

In Bennett v. Elliott, supra, the District Court disapproved of a proposed reapportionment plan for Washington County but overruled a contention by some of the parties that the plan which provided for the election of some Justices of the Peace at large was in violation of the Tennessee Constitution, Article 6, Section 15, which limited Justices of the Peace to two from each district. The Court, in Bennett v. Elliott, 294 F.Supp. 808, said, "The ultimate measure of the plan's validity is the Fourteenth Amendment to the United States Constitution and not state law."

In Sudekum v. Hayes, Sixth Circuit Court of Appeals (1969), 414 F.2d 41, the Circuit Court of Appeals, in a per curiam opinion, upheld the action of the District Judge in modifying a reapportionment plan for Sumner County, Tennessee. The modified plan provided for the election of six Justices of the Peace from four magisterial districts making a total of 24 Justices for the entire county.

The plan of reapportionment for Washington County, which was finally adopted on January 24, 1972, has never been reviewed by any federal court nor any other court in the State of Tennessee except the Chancery Court of Washington County from which court this appeal is taken.

Appellants insisted in the Court below and in this Court that Article 6, Section 15, of the Tennessee Constitution is no longer in conflict with the Fourteenth Amendment of the United States Constitution because the General Assembly of Tennessee, by enactment of Chapter 599 of the Public Acts of 1968, has repealed T.C.A. Section 19–101 providing for the election of Justices of the Peace from incorporated towns and has implemented Article 6, Section 15, by repeal and re-enactment of T. C.A. Sections 5–110, 5–111, and 5–112 so as to comply with the "one man, one vote rule" as announced by the United States Supreme Court.

Appellants say, therefore, that the Washington County Quarterly Court can and should be apportioned in compliance with Article 6, Section 15, and the Code sections quoted hereinabove so that no Justices of the Peace should be elected at large and that only two Justices of the Peace should be elected from each magisterial district except the district containing the county town which should elect three Justices. They say that such district can and should contain one and one-half times the number of voters contained in the other magisterial districts electing two Justices of the Peace each so as to comply with "the one man, one vote rule." His Honor the Chancellor overruled the contentions of the appellants on the grounds that the questions had become res adjudicata by virtue of the decisions of the Federal Court in the case of Bennett v. Elliott and others mentioned above.

First, we observe that the purpose of the enactment of Chapter 599 of the Public Acts of 1968 was to eliminate the malapportionment of the Quarterly County Courts of Tennessee by complying with the one man, one vote rule. Chapter 599, which was initiated as House Bill No. 437, was signed by 52 members of the House of Representatives. We quote the caption of the bill as follows:

"AN ACT to provide for the apportionment of the membership of Quarterly County Courts on the basis of population; to provide the manner and method of apportionment; to provide for change of districts; to provide for the election of members from county districts; to retain civil districts; to amend Section 5–110 Tennessee Code Annotated to require maps and boundary description of county districts and civil districts to be filed with the County Court Clerk and the Secretary of State; to provide for judicial enforcement and review; to repeal Sections 5–111, 5–112 and 19–101 Tennessee Code Annotated and amend Section 19–102 Tennessee Code Annotated."

■ There is a strong presumption in favor of the validity of an act of the Legislature. Dennis v. Sears, 223 Tenn. 415, 446 S.W.2d 260; Cummings v. Beeler, 189 Tenn. 151, 223 S.W.2d 913.

■ T.C.A. Sections 19–102 and 19–103 must be construed along with the other provisions of Chapter 599 of the Public Acts of 1968 as codified in T.C.A. § 5–110 and § 5–111 as if the one man, one vote principle were also written into our Constitution and/or Code sections because it is now the law of the land. We hold that the election of more than two Justices of the Peace from a magisterial district other than the district containing the county town is impliedly forbidden by T.C.A. Section 19–102. We further hold that T.C.A. Section 19–103, which provides for the election of three Justices of the Peace from the district which includes the county town is entirely valid as long as such district contains one and one-half times the number of people contained in the other districts which elect two Justices each. Such a plan was approved for Bledsoe County, Tennessee, on August 10, 1972, in the case of Swafford et al v. Hale et al, in the Southern District of the United States District Court for the Eastern District of Tennessee by Honorable Frank W. Wilson, Judge.

■ We also hold that the election of the Justices of the Peace from the county at large is impliedly forbidden by Article 6, Section 15, and T.C.A. Section 19–102 and 19–103. Now, it is true that in the case of Sudekum et al v. John Hayes et al, supra, involving the legality of a reapportionment plan for Sumner County, Tennessee, the Circuit Court of Appeals expressly overruled the contention of the appellants that the plan was invalid because in violation of Article 6, Section 15, of the Tennessee Constitution which provided for the elec-

tion of two magistrates from each civil district. However, a reading of the opinion in Sudekum v. Hayes shows that the Court found that the District Judge did undertake to find a plan which would conform both to the requirements of Article 6, Section 15, of the Tennessee Constitution and the equal protection clause of the Fourteenth Amendment of the United States Constitution and found it impossible to do so. On such finding of inability to comply with both, the Circuit Court of Appeals held that the Tennessee Constitution must yield to the equal protection clause of the Fourteenth Amendment to the United States Constitution. Apparently, there had been no attempt to redistrict Sumner County under the provisions of Chapter 599 of the Public Acts of Tennessee of 1968.

There is no showing in the case at bar that Washington County cannot be reasonably apportioned in accordance with the provisions of Chapter 599 of the Public Acts of 1968 and also in compliance with the one man, one vote principle. There is no proof that the Quarterly County Court of Washington County has made any effort to reapportion according to the provisions of said chapter by limiting the Justices to two from each district.

■ Since the legality of the present plan of reapportionment of Washington County has never been litigated in any court except the Chancery Court of Washington County from which this appeal is taken, we hold that the decisions of the Federal Courts in Sudekum v. Hayes et al, Hyden v. Baker, Otis v. Boyd, and Bennett v. Elliott are not controlling of the case at bar except insofar as they require the application of the one man, one vote rule. His Honor the Chancellor was in error in holding that said cases did apply. Accordingly, assignments of error XI, XII, XIII, and XIV are sustained. Reference is made to an interesting discussion of the subject of reapportionment in an article entitled "A Short Inquiry into Tennessee

County Court Apportionment by the Federal Judiciary," by Greene & Hobday, 37 Tennessee Law Review, page 528, Spring Issue 1970.

■ We find no merit in the assignments of error insisting that the plan of apportionment is illegal because the Quarterly County Court used the voter registration lists in lieu of federal census records. Use of voter registration lists is authorized by T.C.A. Section 5-111 and it does not appear that federal census records of the new districts were available to the Quarterly County Court in January, 1972.

The Legislature, in the passage of Chapter 599 of the Public Acts of 1968, fully recognized the many problems inherent in reapportioning the Quarterly County Courts so as to comply with the one man, one vote principle and also to comply with the provisions of Article 6, Section 15, limiting the number of Justices of the Peace to two from each district except the district containing the county town. The Legislature fully understood that new lines would have to be drawn and that generally old civil district lines could no longer be used as the boundaries of the new magisterial districts. Accordingly, Chapter 599 expressly provided that the boundaries of the districts could be changed and that the county could be redistricted entirely if necessary to provide "for substantially the same number of persons per justice of the peace in each of the districts." T.C.A. Section 5-111.

Further, the act provided that a record and map of the old districts as they existed at the time of the reapportionment should be kept and preserved for historical purposes such as land titles, etc. T.C.A. Sections 5-110 and 5-112.

It is insisted by the appellants that under the authority of T.C.A. Section 5-111 this Court should redistrict Washington County or in the alternative we should remand the cause to the Chancery Court of Washington County for a reapportionment of

Washington County. We respectfully disagree.

The primary responsibility for reapportionment is placed upon the Quarterly County Court under T.C.A. Section 5-111. We must assume that the Quarterly County Court of Washington County will act in good faith to reapportion the county in accordance with T.C.A. Section 5-111 and will try to follow the orders of this Court and the lower Court pertaining thereto.

A decree will be entered in this Court reversing the Chancellor and ordering the Quarterly County Court of Washington County to reapportion the county in accordance with Article 6, Section 15, Constitution of Tennessee and T.C.A. Section 5-111 as herein construed, and also in compliance with the one man, one vote principle announced by the Supreme Court of the United States. This cause is remanded to the Chancery Court of Washington County for the enforcement of the decree entered in this Court. Washington County is taxed with all costs in the Chancery Court and in this Court.

MATHERNE and NEARN, JJ., concur.