**STATE of Tennessee ex rel. Edward B. PEEL, Plaintiff-Appellee,**

v.

**SHELBY COUNTY, Tennessee and the Members of the Shelby County Quarterly Court, Defendants-Appellants.**

Court of Appeals of Tennessee, Western Section.

Oct. 13, 1976.

Rehearing Denied Dec. 14, 1976.

Certiorari Denied by Supreme Court March 28, 1977.

Certiorari Denied by U. S. Supreme Court on Jan. 6, 1978.

C. Cleveland Drennon, Jr., County Atty., J. Minor Tait, Jr., Asst. County Atty., Memphis, for defendants-appellants.

Edward B. Peel, Memphis, for plaintiff-appellee.

CARNEY, Presiding Judge.

Plaintiff and Relator, Edward B. Peel, a citizen of Shelby County, Tennessee, brought this suit alleging that the present plan of apportionment providing for some justices of the peace to be elected from the county at large is illegal. Plaintiff contends the plan is a violation of Article 6, Section 15, of the Tennessee Constitution and T.C.A. Sections 19–102 and 19–103. Plaintiff's suit is predicated entirely upon

the recent case of *State ex rel. Jones et al. v. Washington County, Tennessee et al.,* Court of Appeals of Tennessee, Western Section, decided January 22, 1973, affirmed by the Tennessee Supreme Court July 15, 1974, reported in 514 S.W.2d 51. Defendants, members of the Shelby County Quarterly Court, contended that *State ex rel. Jones v. Washington County* is not controlling because the Shelby County apportionment plan was specifically approved as being constitutional in *Hyden v. Baker* (D.C. 1968), 286 F.Supp. 475, decision by a Three Judge Federal District Court, whereas the apportionment plan of Washington County declared illegal in *State ex rel. Jones v. Washington County* was adopted in 1972 and had not been previously approved by any court other than the Chancery Court of Washington County.

Both parties filed motion for summary judgment. The Chancellor granted Plaintiff's motion for summary judgment on the authority of *State ex rel. Jones v. Washington County* and ordered the Defendants to submit a plan of redistricting the Shelby County Quarterly Court after the present litigation has been finally determined by the appellate courts.

By their three assignments of error the Defendants make the same contention as made in the Court below.

The Shelby County apportionment plan divides the county into seven substantially equally populated districts. From each district one justice of the peace is elected and then the entire county is designated as justice of the peace districts 8, 9, 10, and 11. From each of these four districts, one justice of the peace is elected by all the voters of Shelby County.

The apportionment plan for Washington County, Tennessee, held illegal in *State ex rel. Jones v. Washington County* provided for sixteen separate civil districts, two justices being elected from each district for a total of thirty-two, plus eleven justices of the peace to be elected from the county at large for a total of forty-three justices of the peace.

Article 6, Section 15, of the Constitution and T.C.A. Sections 19–102 and 19–103, provide as follows:

Article 6, Section 15: "Districts in counties—Justices and constables—Number—Term—Removal from district.—The different Counties of this State shall be laid off, as the General Assembly may direct, into districts of convenient size, so that the whole number in each County shall not be more than twenty-five, or four for every one hundred square miles. There shall be two Justices of the Peace and one Constable elected in each district by the qualified voters therein, except districts including County towns, which shall elect three Justices and two Constables. The jurisdiction of said officers shall be co-extensive with the County. Justices of the Peace shall be elected for the term of six, and Constables for the term of two years. Upon the removal of either of said officers from the district in which he was elected, his office shall become vacant from the time of such removal. Justices of the Peace shall be commissioned by the Governor. The Legislature shall have power to provide for the apportionment of an additional number of Justices of the Peace in incorporated towns."

T.C.A. Section 19–102: "Rural districts.—For each district of every county, except those districts including county or incorporated towns, two (2) justices of the peace shall be elected by the qualified voters therein."

T.C.A. Section 19–103: "Districts including county towns.—For every other district in the state which includes a county town, three (3) justices of the peace may be elected by the qualified voters therein."

"At large" districts have been approved by the United States Supreme Court as complying with the one-man, one-vote, rule. *Dallas County, Alabama v. Reese* (1975), 421 U.S. 477, 95 S.Ct. 1706, 44 L.Ed.2d 312; *Dusch v. Davis* (1967), 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656; *Reynolds v. Sims* (1964), 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, *Rehearing De-*

*nied* October 12, 1964, 379 U.S. 870, 871, 85 S.Ct. 12, 13, 13 L.Ed.2d 76, is authority for the general statement that where there is an unavoidable conflict between the Federal Constitution and a State Constitution, the supremacy clause controls in favor of the United States Constitution. The cases of *Sudekum v. Hayes* (6 Cir. 1969), 414 F.2d 41; *Hyden v. Baker (and Bennett v. Elliott)* (1968), 286 F.Supp. 475, were discussed in our opinion in *State ex rel. Jones v. Washington County.*

In the case of *Seals v. The Quarterly Court of Madison County, Tennessee,* decided April 9, 1976, the U. S. District Court for the Western District of Tennessee at Memphis, Honorable Harry Wellford, District Judge, held that the 1968 reapportionment plan by Madison County, Tennessee, under which justices of the peace were elected at large was illegal under Tennessee law, to-wit, *Jones v. Washington County.* See also *Seals v. Quarterly Court of Madison County,* 526 F.2d 216 (6th Cir. 1975).

■ We find no material difference between the apportionment plan of Washington County and the apportionment plan of Shelby County involved in this litigation. We repeat our statement from *Jones v. Washington County,* supra, ". . . the election of Justices of the Peace from the county at large is impliedly forbidden by Article 6, Section 15, and T.C.A. Section 19–102 and 19–103." Under T.C.A. Section 5–111 Plaintiff Relator is entitled to relief by mandamus if necessary to require the reapportionment of the Shelby County Quarterly Court so as to meet both federal and state law. *Bradley v. State ex rel. Haggard* (1969), 222 Tenn. 535, 438 S.W.2d 738.

The assignments of error are respectfully overruled, the judgment of the lower Court is affirmed, and the cause is remanded to the Chancery Court of Shelby County. The costs of this appeal are taxed to the Appellants.

MATHERNE and NEARN, JJ., concur.

## PETITION TO REHEAR DENIED

The Appellants, Shelby County, Tennessee, et al., have filed a Petition to reconsider our opinion filed in this cause of date October 13, 1976.

The Petitioners insist that *State ex rel. Jones v. Washington County* (Tenn.App. 1973), 514 S.W.2d 51, is not controlling of the case at bar because the apportionment plan of Washington County had never been approved by the Federal Court whereas the apportionment plan adopted by the Quarterly County Court of Shelby County was approved by the United States District Court in *Hyden v. Baker* (1968), 286 F.Supp. 475. We hold that approval by a Federal Court is not a determinative difference. *Hyden v. Baker* only approved the apportionment plan as it related to the Federal Constitution. It did not decide the issue of whether the plan violated the Constitution of Tennessee.

We adhere to our opinion that the apportionment plan discussed in our opinion is in violation of Article 6, Section 15, of the Constitution of the State of Tennessee. The Petition to Rehear is respectfully denied at the cost of the Appellants.

MATHERNE and NEARN, JJ., concur.