**Brenda Kay MONROE et al.**

v.

**BOARD OF EDUCATION, MADISON COUNTY, TENNESSEE et al.**

**Civ. No. 1327.**

United States District Court
W. D. Tennessee, E. D.

Aug. 2, 1965.

Z. Alexander Looby and Avon N. Williams, Jr., Nashville, Tenn., J. Emmett Ballard, Jackson, Tenn., Jack Greenberg, Constance Baker Motley, James M. Nabritt, III, New York City, for plaintiffs.

Jack Manhein, Sr., Jackson, Tenn., for defendants.

## MEMORANDUM DECISION

BAILEY BROWN, District Judge.

Plaintiffs have filed a motion for additional relief, which raises these issues:

1. Whether plaintiffs are entitled to an order requiring the integration of faculty, administrative and supporting personnel.

2. Whether plaintiffs are entitled to an order requiring the integration of teacher in-service training and professional activities.

3. Whether plaintiffs are entitled to an order requiring more advance notice of registration dates and more time for registration.

4. Whether plaintiffs are entitled to an order requiring abolition of segregation in extra-curricular activities.

5. Whether plaintiffs are entitled to an order requiring an abolition of the "split season."

6. Whether plaintiffs are entitled to recover attorneys' fees.

Inasmuch as we have just filed a memorandum decision in the case involving the City of Jackson, (D.C., 244 F.Supp. 353) in which we deal with several of the issues raised by this motion, we will refer to what we said in that decision as well as the authorities cited therein and thereby shorten this opinion.

■ With respect to integration of faculty, administrative, and supporting personnel, plaintiffs are entitled to press only a claim for integration of faculty and principals and, as to faculty and principals, only to the extent that such action is necessary to abolish discrimination against plaintiffs as pupils. Mapp v. Board of Ed. of City of Chattanooga, 319 F.2d 571, 576 (6th Cir. 1963). We believe that on the proof presented plaintiffs are entitled to the same relief as that given to plaintiffs in the City case, i. e., white teachers and Negro teachers must not be barred, because of race, from teaching in schools in which all or a majority of the pupils are of the other race. This would mean that white and Negro teachers, who so

desire, would not be prevented, because of his or her race, from teaching pupils all or a majority of whom were of the other race, but that all of the other usual factors may be considered in determining the assignment of teachers. The fact that this policy has been rescinded must be publicized so that all teachers, white and Negro, will be aware of this change of policy. (We plan to insert such a requirement as to publication in the order to be entered in the City case.)

■ As to teacher in-service training and professional activities, the proof indicates that the only segregation that remains results from the fact that the teachers have separate professional organizations over whose policies defendants have no control. In any event, for reasons set out in our opinion in the City case, plaintiffs are not entitled to relief in this case.

Defendants have consented to hold a supplementary registration in July, 1965, and have consented, in the future, to give 30 days rather than 10 days advance notice of the registration dates. The proof shows that, in the future, additional time for registration will not be necessary if defendants give 30 days advance notice thereof.

■ With respect to curricular and extra-curricular activities, the order as originally entered in this case is not sufficiently clear, and therefore plaintiffs are entitled to an order specifically providing that there must be no discrimination in curricular and school-sponsored extra-curricular activities. However, as stated in our opinion in the City case, we do not believe that the Jackson Symphony incident amounted to unconstitutional discrimination.

■ Plaintiffs again seek an order abolishing the "split season" in the schools attended only by Negroes. We dealt with this contention, and the reasons why we denied relief are set out, in our prior opinion which appears in 229 F.Supp. 580, 584. Plaintiffs offered further proof that the split season, if it

ever was economically necessary, is no longer so and that it is not desired by a substantial number of Negro parents. Defendants offered proof that at least a majority of Negro parents consider it necessary and desire that it be continued. Defendants have never contended that the split season is educationally sound and, at the hearing on this motion, formally stipulated that it is not.

However educationally disadvantageous, economically unnecessary, and generally unwanted it may be, we do not believe that the split season amounts to unconstitutional discrimination. Historically, it existed in heretofore segregated schools for both races, though it was abolished in the schools for white pupils some years before this litigation began. Therefore, it was not discriminatory when instituted, and it was not continued in the schools for Negroes, when it was abolished in schools for white pupils, in order to promote segregation. Moreover, in the voluntary and free choice plan for desegregation adopted by defendants and approved by this Court, any Negro pupil who desires to avoid the split season may do so by simply choosing to attend a school where it does not exist. And, as we pointed out in our prior opinion (229 F.Supp. 580, 584), if it is as unwanted generally and is as economically unnecessary as plaintiffs contend, the existence of the split season in the schools attended now only by Negroes will create an impetus for Negroes to attend schools where it does not exist. It will, therefore, tend to promote integration rather than tend to preserve segregation. In short, we believe this is a question that must be solved by consultation between the interested Negro community and the school authorities, and it ultimately may become a political question. It cannot be resolved by this court by labelling it as unconstitutional discrimination when it is not.

■ While plaintiffs sought an award of attorneys' fees, they offered no direct proof on this issue and in particular offered no proof that they have incurred

a liability to pay fees. Moreover, the proof does not show that defendants have violated the order heretofore entered and have not, subsequent to that order, disregarded plaintiffs' constitutional rights. The application for attorneys' fees is therefore denied.

An order will be prepared by the parties for entry.