**JOSEPH SKILKEN & CO. et al.,
Plaintiffs-Appellees,**

v.

**CITY OF TOLEDO et al., Ragan Woods
Homeowners Association et al.,
Intervenors-Defendants-Appellants.**

**JOSEPH SKILKEN & CO. et al.,
Plaintiffs-Appellees,**

v.

**CITY OF TOLEDO et al.,
Defendants-Appellants.**

**Nos. 74–2116, 74–2320.**

United States Court of Appeals,
Sixth Circuit.

June 21, 1977.

William S. Boggs, Richard T. Bauer, Boggs, Boggs & Boggs, Ralph S. Boggs, John D. Scouten, Joseph P. Jordan, Asst. Directors of Law, City of Toledo, Toledo, Ohio, for defendants-appellants.

Joseph R. Tafelski, R. Michael Frank, Toledo, Ohio, Joseph F. Vargyas, Jay Mulkeen, Washington, D. C., Theodore M. Rowen, William M. Connelly, Toledo, Ohio, Martin E. Sloane, Michael B. Barton, National Committee Against Discrimination in Housing, Washington, D. C., for plaintiffs-appellees.

Andrew Boyko, Sol., City of Parma, Robert R. Soltis, Sp. Counsel, Parma, Ohio, for amicus curiae City of Parma, Ohio.

Before PHILLIPS, Chief Judge, and WEICK and PECK, Circuit Judges.

PER CURIAM.

The Supreme Court remanded for further consideration in light of *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), and *Hills v. Gautreaux,* 425 U.S. 284, 96 S.Ct. 1538, 47 L.Ed.2d 792 (1976). These two cases were decided by the Supreme Court subsequent to our decision reported in 528 F.2d 867 (6th Cir. 1975).

The parties have filed briefs, at the direction of this court, stating their views as to the disposition we should make on the

remand. Upon consideration, we are of the opinion that the result reached in our reported opinion is consistent with each of the above-cited decisions subsequently rendered by the Supreme Court.

In its petition for writ of certiorari in the Supreme Court, Skilken [1] relied upon the decision of the Seventh Circuit in *Metropolitan Housing Development Corp. v. Village of Arlington Heights,* 517 F.2d 409 (1975). The Supreme Court reversed the Seventh Circuit in *Arlington Heights v. Metropolitan Housing Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). We construe the decision of the Supreme Court to support our reported opinion in the present case. If the opinion of the Supreme Court in *Arlington Heights* had been available to this court, we would have cited it as the principal authority in support of our decision.

Further, we conclude that *Hills v. Gautreaux,* 425 U.S. 284, 96 S.Ct. 1538, 47 L.Ed.2d 792 (1976) is consistent with the result reached in our reported decision. In that case the Supreme Court stated:

> Use of the § 8 program to expand low-income housing opportunities outside areas of minority concentration would not have a coercive effect on suburban municipalities. For under the program, the local governmental units retain the right to comment on specific assistance proposals, to reject certain proposals that are inconsistent with their approved housing-assistance plans, and to require that zoning and other land use restrictions be adhered to by builders. 425 U.S. at 305, 96 S.Ct. at 1550.

Here, the alleged constitutional violation related to refusal of the Toledo Plan Commission to approve preliminary platting for two sites, and refusal of the City Council to rezone and approve preliminary platting of the third site. The platting issues for the two sites have been remanded by this court to the district court for further consideration. We disposed finally of only the zoning issue.

Accordingly, we adhere to our previous decision. The judgment of the district court is reversed and the cause is remanded for dismissal of the complaint with respect to the rezoning and platting of Heatherdowns. With respect to the platting of Holland-Sylvania and Stateline sites, the cause is remanded for further consideration by the district court after the parties have endeavored to work out an amicable solution of their problems, which include scattered housing sites and housing in new developments, and consideration of the rights of property owners in the two areas.

Costs in connection with the proceeding on the remand are assessed against Skilken and Co.

---

1. By a footnote, Skilken informs us that its name was misspelled in both the opinion of the District Judge and in our reported opinion, and that the correct spelling is "Skilken." It was spelled "Skillken" in the complaint filed by Skilken in the district court.