In re **MALESUS AREA CONCERNED PARENTS** et al., Applicants for Intervention, Appellants.

Brenda K. **MONROE** et al., Plaintiffs-Appellees,

v.

**COUNTY BOARD OF EDUCATION OF MADISON COUNTY, TENNESSEE**, et al., Defendants-Appellees (two cases).

Nos. 77–1268 and 77–1084.

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1977.

Decided and Filed July 13, 1977.

Rehearing Denied Aug. 30, 1977.

W. Henry Haile, Haile & Martin, Nashville, Tenn., applicants for intervention, appellants.

Avon N. Williams, Jr., Maurice E. Franklin, Nashville, Tenn., James Greenberg,

New York City, J. Emmett Ballard, Hewitt P. Tomlin, Jr., Jackson, Tenn., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

This consolidated appeal presents the question of whether parents of school age children and other residents of the Malesus Elementary School attendance zone in Madison County, Tennessee, have a right to intervene as parties in a school desegregation case.[1]

The appellants are designated as Malesus Area Concerned Parents, Arthur Johnson, et al. The district court held that the appellants were not entitled to intervention of right under Fed.R.Civ.P. 24(a), and denied permissive intervention under Rule 24(b). We affirm on authority of *Hatton v. County Board of Education*, 422 F.2d 457 (6th Cir. 1970).[2]

We conclude that the district court did not err in holding that the appellants could not intervene as a matter of right, and that the district court did not abuse its discretion in denying the application for permissive intervention. *Skillken v. City of Toledo*, 528 F.2d 867 (6th Cir. 1975), *vacated and remanded on other grounds*, 429 U.S. 1068, 97 S.Ct. 800, 50 L.Ed.2d 786 (1977), 558 F.2d 350 (6th Cir. 1977), relied upon by appellants, is distinguishable on its facts.

Affirmed. The costs of this appeal are taxed against appellants.

Judge Peck would hold that this court is without jurisdiction to consider the issue which forms the basis of this per curiam opinion for lack of a timely notice of appeal directed to the critical order of the district court.

1. See *Monroe v. Board of Commissioners*, 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968); *Monroe v. County Board of Education*, 505 F.2d 109 (6th Cir. 1974); *Monroe v. County Board of Education*, 439 F.2d 804 (6th Cir. 1971); *Monroe v. Board of Commissioners*, 427 F.2d 1005 (6th Cir. 1970); *Monroe v. Board of Commissioners*, 380 F.2d 955 (6th Cir. 1967). *See also, Monroe v. Board of Education*, 269 F.Supp. 758 (W.D.Tenn.1965); *Monroe v. Board of Commissioners*, 229 F.Supp. 580 (W.D.Tenn.1964); *Monroe v. Board of Commissioners*, 221 F.Supp. 968 (W.D.Tenn.1963).

2. Appellants have filed two notices of appeal from orders of the district court denying their motions to intervene. Appellees have moved to dismiss the first appeal on the ground that the notice of appeal was not timely filed. We do not reach this question, since the district court denied intervention for a second time on April 20, 1977, and the second notice of appeal was timely filed on April 22, 1977.