**Brenda K. MONROE et al.,**
**Plaintiffs-Appellants,**

v.

**COUNTY BOARD OF EDUCATION OF MADISON COUNTY, TENNESSEE, et al., Defendants-Appellees.**

No. 76-2389.

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1978.
Decided Aug. 22, 1978.

Avon N. Williams, Jr., Nashville, Tenn., J. Emmett Ballard, Jackson, Tenn., Jack Greenberg, James M. Nabrit, III, Bill Lann Lee, New York City, for plaintiffs-appellants.

Hewitt P. Tomlin, Jr., Jackson, Tenn., Kaydell O. Wright, U. S. Dept. of Justice, Civ. Rights Div., Washington, D. C., for defendants-appellees.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Various aspects of this school desegregation case have been the subject of appellate review for some ten years.* The issues in the present appeal are limited to those arising out of an award of attorney fees for counsel for the plaintiffs-appellants, allowed in an order entered by the district court April 19, 1976. That allowance was for $2,500 as compensation for the period from August 1968 through March 1971, and provided that that sum be taxed against the defendants-appellees as a part of the costs.

While as noted above this case has been the subject of appellate review for some ten years, the complaint was filed in the district court a full fifteen years ago. That suit was a single action against both city and county defendants, and in 1971 an interim award of attorney fees was sought. However, when that application came on to be heard the county attorney was unable to be present, and the hearing was conducted only as to the city defendants, and an award in favor of the plaintiffs' attorneys against the city defendants was made. That award is also the subject of an appeal by these plaintiffs-appellants. That separate appeal was argued on its merits before this court on the same day that the present appeal was argued, and disposition thereof is being made by an order filed on the same date as this opinion. In that general regard, it should be noted that the cases against the city defendants and against the county defendants were split in 1972, and thereafter the proceedings in the two separate causes were conducted before two different United States district court judges.

In that year (1972), a motion was filed in the district court seeking additional relief and attorney fees in the present case, and in 1973 an award of $500 in favor of plaintiffs' attorneys was made, and an appeal taken. In 1974, we reversed and remanded (*Monroe v. County Board of Education, supra,* 505 F.2d 105). That remand was predicated upon the need of a complete record with findings of fact and conclusions of law, and we directed that on reconsideration the district court should apply the standards of *Bradley v. School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), but it does not appear that such reconsideration has ever occurred. Meanwhile, the Emergency School Aid Act, 20 U.S.C. § 1617, was signed into law and became effective in 1972. If there was any doubt as to the applicability of the Emergency School Aid Act to pending cases, *Bradley* resolved that doubt, holding squarely that the Act had such retroactive effect. Thereafter, the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, became law. Congress itself decided the

---

* See *Monroe v. Board of Commissioners,* 391 U.S. 450, 88 S.Ct. 1700, 20 L.Ed.2d 733 (1968); *Monroe v. County Board of Education,* 557 F.2d 1225 (6th Cir. 1977); *Monroe v. County Board of Education,* 505 F.2d 105 (6th Cir. 1974); *Monroe v. County Board of Education,* 439 F.2d 804 (6th Cir. 1971); *Monroe v. County Board of Commissioners,* 427 F.2d 1005 (6th Cir. 1970); *Monroe v. Board of Commissioners,* 380 F.2d 955 (6th Cir. 1967). See also, *Monroe v. Board of Education,* 269 F.Supp. 758 (W.D.Tenn. 1965); *Monroe v. Board of Commissioners,* 229 F.Supp. 580 (W.D.Tenn.1964); *Monroe v. Board of Commissioners,* 221 F.Supp. 968 (W.D.Tenn.1963).

question of retroactivity so far as that Act was concerned, specifically making it applicable by its terms to pending cases. As the Supreme Court recently noted, the legislative history of the Attorney's Fees Act, as well as the usual practice of the Court, defeat any argument that the Act should not apply to pending cases. *Hutto v. Finney,* —— U.S. ——, —— n. 23, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). The House Report on the Act states: "In accordance with applicable decisions of the Supreme Court, the bill is intended to apply to all cases pending on the date of enactment." H.R.Rep.No.94–1558, p. 4 n. 6 (1976). It is thus clear that the Emergency School Aid Act and the Civil Rights Attorney's Fees Awards Act are applicable in the present circumstances, and we so hold. Where statutory authorization exists, although the matter is usually in the discretion of the court, counsel fees are regularly allowed to the prevailing party. *Northcross v. Bd. of Education of Memphis,* 412 U.S. 427, 428, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973). *See also, Newman v. Piggie Park Enterprises,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

The state of the record, which clearly establishes that the plaintiffs are the prevailing parties in this litigation, and the state of the law, which as clearly provides that counsel for such parties should be awarded compensation, requires that reasonable attorney fees for the petitioners should be awarded. In a recent decision on the award of attorney's fees under the 1976 Act, this Court held that the Attorney's Fees Acts, as remedial measures designed to encourage private enforcement of the public interest, "should be liberally construed to achieve the public purposes involved in the congressional enactment." *Seals v. Quarterly County Court,* 562 F.2d 390, 393 (6th Cir. 1977). Under other circumstances the action would be remanded for a determination of such reasonable amount, but we do not choose to follow that course for two reasons. First, the additional delay which would be occasioned by such a remand would further postpone the award of compensation which has already

lingered in the courts for an unconscionable time, and this Court's long and detailed familiarity with what has transpired during the history of this protracted litigation make it possible for a determination of reasonable compensation to be made at this judicial level. *See Brown v. Culpepper,* 559 F.2d 274 (5th Cir. 1977). Our familiarity extends to knowledge of the identity of lead counsel Avon Williams as a preeminently experienced and successful civil rights lawyer in the State of Tennessee, and indeed in the Sixth Circuit. Based upon all of the factors and circumstances which we deem to be relevant, we conclude that the sum of $7,500 would provide reasonable compensation for plaintiffs' counsel for the period here involved.

This action is remanded to the district court with directions to enter judgment for $7,500 as attorney fees for plaintiffs' counsel for services from August 1968 through March 1971, plus such additional sums, if any, as may be found reasonable for services rendered after March, 1971, and to be assessed against the defendants in their official capacity as a part of the costs of this case.