IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2002 Session

**MICHAEL WHALEN, BRUCE E. POSTON, in their capacity as attorneys representing pretrial detainees in the custody of Knox County Sheriff Timothy Hutchison and on behalf of the pretrial detainees in the custody of Knox County Sheriff Timothy Hutchison and all other persons similarly situated, and KITA SWANDI and TOBY SILVERS v. TIMOTHY HUTCHISON In his capacity as Sheriff of Knox County, Tennessee**

Direct Appeal from the Criminal Court for Knox County, sitting *en banc*
No. 68942  Hon. Richard R. Baumgartner, Hon. Ray L. Jenkins and
Hon. Mary Beth Leibowitz,  Judges

FILED APRIL 1, 2002

No. E2001-01504-COA-R3-CV

Plaintiffs obtained injunctive relief pursuant to USC §1983 and T.C.A. §29-14-103 and §46-14-704 against defendant, but the Trial Court refused to award damages and attorney's fees.  On appeal, we vacate and remand on issues of damages and fees.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Herbert S. Moncier and John E. Eldridge, Knoxville, Tennessee, for Appellants.

John E. Owings, Chief Deputy Law Director for Knox County, Knoxville, Tennessee, for Appellee.

**OPINION**

In this action filed pursuant to U.S.C. §1983 and Tenn. Code Ann. §29-14-103 and §40-14-104 the Trial Court denied recovery of damages and attorney's fees.  Plaintiffs have

appealed. We vacate and remand as hereinafter explained.

In August of 1999 defendant instituted a procedure restricting the ability of pre-trial detainees in the Knox County Jail to communicate with counsel. Plaintiffs brought this action in the capacity as attorneys representing pre-trial detainees and on behalf of detainees in custody of the Sheriff of Knox County and others similarly situated, alleging violation of their constitutional rights and for injunctive and declaratory relief, damages and attorney fees pursuant to U.S.C. §1983 and also Tenn. Code Ann. §29-14-103 and §40-14-104. The complaint also sought status as a class action as to all attorneys representing detainees and all detainees in the Knox County Jail. The Complaint further asked that the matter be heard by the trial judges presiding over the trial courts *en banc*.

A Temporary Restraining Order was entered enjoining the implementation of defendant's policy. The *en banc* Court found that the defendant had:

> unreasonably infringed on defendant's right to counsel as guaranteed by the Sixth Amendment [U.S. Constitution], and Tenn. Code Ann. §40-14-104.

After the Restraining Order was entered, plaintiffs amended their Complaint alleging retaliatory actions taken by defendant in response to the TRO, but before a final hearing for injunctive relief, the parties entered an agreed Order on November 10, 1999, granting plaintiffs' relief. Subsequently, plaintiffs filed a Motion to set the case for final hearing to issue a permanent injunction, assess damages and award attorney's fees and costs. Defendant did not respond to this Motion. Subsequently, the Trial Court entered an Order making the previously entered temporary injunction permanent, pursuant to Tenn. R. Civ. P. Rule 65, and assessed costs to defendant, but denied all other relief. No hearing was held on plaintiffs' Motion before the Trial Court *sua sponte* entered this Order.

Claims arising under 42 U.S.C. §§1983 and 1985 may be tried in Tennessee state courts. *Poling v. Goins*, 713 S.W.2d 305 (Tenn. 1986). If a party prevails in a §1983 action, then §1988 provides that they may recover an award of attorney's fees, whether or not they specifically pled or relied on §1983. *Bloomingdale's by Mail v. Huddleston*, 848 S.W.2d 52 (Tenn. 1992).

42 U.S.C. §1988, as amended, provides:

> In any action or proceeding to enforce a provision of . . . this title, the court, may, in its discretion, allow the prevailing party other than the United States, a reasonable attorney's fee as part of the costs.

Cases interpreting this provision establish that the prevailing party should receive an award of a reasonable attorney's fee, unless there are "circumstances" that would render an award unjust. *Blanchard v. Bergeron*, 489 U.S. 87 (1989); *Monroe v. County Bd. Of Education*, 583 F.2d 263 (6th Cir. 1978).

Plaintiffs are a "prevailing party" for attorney fee purposes if they succeed on any significant issue in litigation which achieved some of the benefits the parties sought in bringing the action. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The extent of the plaintiff's success is a "crucial factor" in determining what a reasonable award is, but they need not receive all of the relief requested to be successful. *Hensley*, at 435. A party is considered to have prevailed when important rights are vindicated through a consent judgment or without formally obtaining relief. *Northcross v. Bd. Of Education for the Memphis City Schools*, 611 F.2d 624, 633 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980). Under these standards, plaintiffs herein eventually achieved virtually all of the relief they sought on behalf of detainees in custody, since the TRO and the terms set for the agreed order were eventually made permanent.

*Hensley* emphasized that the trial court had discretion in determining the amount of the award and that it was important "to provide a concise but clear explanation of its reasons for the fee award" to demonstrate that the Court had considered the relationship between the amount of fee awarded and results obtained. *Id.* at 437. The substance of the claim and the type of relief granted is more significant than form for purposes of awarding §1988 fees. The legislative purpose behind the Attorney's Fee Award Act of 1976, 42 U.S.C. §1988, as amended, is to encourage private enforcement of the public interest. It is to be "liberally construed to achieve the public purposes involved in the congressional enactment." *Monroe v. County Bd. Of Education*, 583 F.2d 263 (6th Cir. 1978). Congress expressly commanded courts to use the broadest and most effective remedies available to achieve the goals of the civil rights laws when it passed the Act, stating that "the prevailing party should ordinarily recover an attorney's fees unless special circumstances would render such an award unjust." *Hensley*, *also see Price v. Pelka*, 690 F.2d 98 (6th Cir. 1982), *Hall v. Hall*, 738 F.2d 718 (6th Cir. 1984), and *Seals v. Quarterly County Court of Madison County*, 562 F.2d 390 (6th Cir. 1977).

Courts are required to document their decision-making process in making or denying 1988 fee awards, and follow the guiding principles for doing so. The findings and mode of analysis must be sufficiently clear to permit intelligent appellate review. *Northcross v. Board of Education for the Memphis City Schools*, 611 F.2d 624, 633 (6th Cir. 1979), *cert. denied*, 447 U.S. 911 (1980). The case of *Morscott v. City of Cleveland*, 936 F.2d 271 (6th Cir. 1991) is instructive and procedurally similar to this case. *Morscott* involved a dispute between a landowner and the city over the zoning code. While the action was pending, the code was amended favorably to *Morscott*, rendering his suit moot, and the trial court dismissed his lawsuit *sua sponte*. Morscott filed a motion for attorney's fees pursuant to §1988, but before the City filed an answer, the court made a marginal entry denying the motion. The Sixth Circuit Court of Appeals held that such marginal interest will not suffice for a denial of attorney's fees. Reviewing other circuit and U.S. Supreme Court cases which have repeatedly held that the trial court must necessarily make findings on the record if the motion is denied, the Court said the trial court is required to articulate its reasons for denying the motion, identifying any special circumstances that would make an award unjust, so that an intelligent appellate review is possible. The trial court may not deny the motion with nothing more, simply because the statute grants the trial court discretion.

We vacate the Trial Court's Order and remand for further proceedings consistent with this Opinion.

Defendant contends that the failure of the trial court to certify the case as a class action precludes any consideration of an award for damages as a matter for class relief. A party seeking certification pursuant to Tenn. R. Civ. P. 23.01, has a burden to establish a basis for class relief and the decision whether or not to certify lies within the sound discretion of the trial court. *Bohlinger v. American Credit Co.*, 594 S.W.2d 710, 712 (Tenn. Ct. App. 1979).

In this case, the complaint asks for class action certification, but it was not further addressed in the record. However, the relief granted is consistent with a class action in its effect.[1] Either plaintiff or defendant may move for a determination of class status, pursuant to Rule 23, and the trial court may have an independent obligation to decide the class action issue, even if neither party moves for a ruling. *Gore v. Turner*, 563 F.2d 159 (5th Cir. 1977). In *Bing v. Roadway Express, Inc.,* 485 F.2d 441 (5th Cir. 1973), the plaintiff never moved for certification, the defendant never objected, and the court never ruled upon certification. On appeal, the appellate court ruled, however, that it was clear the action was seeking relief for plaintiff and all others similarly situated, and the action was sustained as a class without a formal, explicit determination by the court, since it was implicitly treated as a class action. *Id.* at 446-447. *Also see, Johnson v. General Motors Corp.*, 598 F.2d 432 (5th Cir. 1979).

The foregoing authorities establish that the court looks at how the litigation was actually handled and focuses upon substance over form, especially where it is clear that the relief is intended for and does affect a class of persons, both present and future. Plaintiffs in this case have indicated they sought relief for themselves and pre-trial detainees in custody and others similarly situated. The TRO and final Order apply and will continue to apply to persons detained in the Knox County Jail presently and in the future. We hold that plaintiffs are not to be denied the opportunity to present their justification to the court for damages for their fees earned pursuant to §1988 because of any procedural defect.[2] Accordingly, the Trial Court should have provided plaintiffs a hearing and made specific findings on the record before denying an award of attorney's fees.

The cause is remanded with the cost of the appeal assessed to the defendant, Timothy

---

[1]Two individual detainees filed petitions to intervene as plaintiffs. Defendant did not object to the petitions, nor did the Trial Court enter an order on these petitions.

[2]Plaintiff's Reply Brief explains:

Damages were not sought by the class members, only the individuals inmates and attorneys. By being individual plaintiffs and also members of the asserted class pleadings seeking damages, attorney fees and expenses pertain in both capacities.

Hutchison, in his capacity as Sheriff of Knox County, Tennessee.


                                    _____

                                    HERSCHEL PICKENS FRANKS, J.