John W. MARR and Lucille Marr,
Plaintiffs-Appellants,

v.

Douglas RIFE and Joseph Arntz,
Defendants-Appellees.

No. 75–1688.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 19, 1975.

Decided Dec. 2, 1976.

Denis J. Murphy, Carlile, Patchen, Murphy & Allison, Columbus, Ohio, James I. Meyerson, NAACP, New York City, Alexander M. Spater, Columbus, Ohio, for plaintiffs-appellants.

John E. Holzapfel, Smith, Clark & Holzapfel, Columbus, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

This is the second appeal to this court from a judgment finding that defendants' discriminatory action in refusing to sell a house to plaintiffs constituted a violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* Plaintiffs' first appeal, reported at 503 F.2d 735 (1974), resulted in an affirmance on the issue of liability and a remand to the district court for further specificity in its findings to provide meaningful review of the award of compensatory damages, costs, and the court's failure to award attorney fees to plaintiffs.

The district court on remand held that plaintiffs' evidence in support of compensatory damages was speculative and unconvincing. Accordingly, it left unchanged its prior award of $1.00 compensatory damages. The district court then held pursuant to statutory authorization, 42 U.S.C. § 3612(c), that plaintiffs were entitled to attorney fees. Finding that $2,000 constituted a reasonable attorney fee, the district court awarded plaintiffs $500 on the theory that plaintiffs were only successful as against one defendant out of the four defendants originally joined.

Plaintiffs on their second appeal contend that the district court erred in awarding only minimal compensatory damages. Plaintiffs' second contention is that the district court erred in failing to provide reasons for the award of attorney fees and in awarding only $500 for attorney fees.

■ Upon a review of the record we are satisfied that the district court's determination of minimal compensatory damages is not clearly erroneous. The district court·

found that the only discriminatory action by defendants was a misrepresentation by one defendant that the house which plaintiffs desired to purchase was under a prior contract and unavailable when in fact the house was available. Five days later plaintiffs' offer to buy the house was accepted. We agree with the district court that plaintiffs' tender of evidence to prove resulting damages from the misrepresentation was speculative.  ·

■ We also conclude that the district court did not abuse its discretion in finding that the base figure of $2,000 was a reasonable attorney fee. *Singer v. Mahoning County Board,* 519 F.2d 748 (6th Cir. 1975). Plaintiffs submitted a statement, upon the request of the district court prior to its first decision, detailing the number of hours spent on the prosecution of the case. The total of 127 hours was subsequently valued by counsel at $35 an hour, or $4,445. Plaintiffs seem to contend that the inadequacy of the award should be compared not only to the submitted statement of 127 hours but also to an affidavit by a Mr. Meyerson requesting attorney fees of $13,750, submitted to the court on a motion for reconsideration following the court's second decision on remand. However, not only is $5,000 of the requested $13,750 attributable to legal expenses on appeal and therefore not relevant to the question of the propriety of an award of attorney fees at the trial level, but moreover there is no reason why that portion attributable to the trial was not presented to the district court when the court so requested. Nor, contrary to appellants' contention, do we consider the trial court bound to accept new evidence or conduct a hearing upon remand. Our first decision merely required the district court to articulate its discretionary action as to attorney fees.

■ The reduction of attorney fees from the submitted $4,445 to $2,000 is within the range of discretion of the trial court. We do not understand the trial judge to be limited in his award by statements or evi-

dence offered by counsel, but rather the judge may make an independent determination of the proper expenditure of time that is reasonably necessary for the preparation and presentation of the particular case. See *Singer v. Mahoning County Board, supra; Sanborn v. Wagner,* 354 F.Supp. 291 (D.Md.1973). Moreover, we note that the caveat to 42 U.S.C. § 3612(c), which authorizes attorney fees provided the district court finds the plaintiff is not financially capable of assuming the same, "indicate[s] an intention to allow a District Court considerable discretion." *Marr v. Rife, supra* at 744. The district court stated that "it [was] not prepared to hold that persons with an average income in excess of $11,-000.00 in both the years 1969 and 1970 are financially unable to assume attorney fees." Since defendants have not filed a cross-appeal, we do not consider whether the district court's refusal to find financial inability precludes any award of attorney fees, but only note the permissibility of awarding partial attorney fees given an income which would be strained to bear the entire amount of the fees. *Stevens v. Dobs, Inc.,* 373 F.Supp. 618 (E.D.N.C.1974).

Lastly, after ascertaining the base figure of $2,000 the district court reduced the award to $500, adopting the proportionate share concept suggested in this court's first decision. We there held that:

> . . . it might indeed be unfair to impose all the attorney fees upon a single defendant when the suit involved numerous alleged violations by various defendants and only one was found to be meritorious. In such a case it might be the better rule to allow a plaintiff a proportionate amount of attorney fees to the extent that he prevailed in the suit.

Thus on remand the district court held:

> Had plaintiffs been totally successful as to all allegations against all defendants, a reasonable attorney fee would be $2,000.00. In fact, plaintiffs were successful against one defendant out of four on only one instance of discrimination. The proportionate share concept of attorney fees therefore would mandate a finding of reasonable attorney fees in this action of $500.00.

■ We here emphasize that the proportionate share concept is only a rule of thumb to guide the district court's discretion and that an evaluation by the trial court should be made to determine the effort expended against each defendant and accordingly the pro rata division of attorney fees. By referring in our earlier holding to a proportionate share of attorney fees, we did not mean to limit the exercise of discretion to a purely mechanical formula, nor do we conclude that the district judge, by the language he employed, conceived he was so limited. We think a proper exercise of discretion would cause the district judge to form a judgment based upon what he conceived would have been the reasonable attorney fees which would necessarily have been expended by plaintiffs' counsel in pursuing the claim solely against the defendants held liable, taking into account those elements of the case which would have to be proved in any event and those elements which were unnecessary against the particular defendants. In this way the discretion would be directed toward those costs which that defendant's misconduct occasioned and made necessary.

It is true that the trial court's award of $500 in attorney fees appears minimal in the light of the realities of current litigation expense. At the same time, a review of the record and of the facts as found by the trial judge shows that the display of prejudice, while indeed wrongful, was isolated and promptly rectified. The lawsuit which followed obviously impressed the district judge as amounting to substantial overkill in its proportions. It is not our function to substitute our own judgment, which might vary with each judge who exercised it. It is enough to hold that, reviewed in the light of the standards set forth in our earlier decision, and here, there was no abuse of the discretion which the statute vests in the trial judge.

Affirmed.