**Rose PRICE, Plaintiff-Appellant,**

v.

**Norbert PELKA; Gertrude Pelka; Audrey Pelka, Defendants-Appellees.**

No. 81–3369.

United States Court of Appeals,
Sixth Circuit.

Argued June 24, 1982.

Decided Oct. 11, 1982.

Avery S. Friedman, Cleveland, Ohio, for plaintiff-appellant.

Lawrence B. Scully, Cleveland, Ohio, for defendants-appellees.

Before KEITH and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

KEITH, Circuit Judge.

The United States District Court for the Northern District of Ohio vacated its award of attorney's fees to a prevailing party in this housing discrimination suit, and denied attorney's fees for certain post-trial motions. For the reasons discussed below, we hold that the district court abused its discretion.

## FACTS

The defendant-appellees, Norbert and Gertrude Pelka, offered an apartment for rent in a newspaper advertisement. Plaintiff-appellant, Rose Price, responded to this advertisement and arranged an interview with the Pelkas. When Ms. Price arrived for the interview, she was informed that the apartment had already been rented. Ms. Price is black, and the Pelkas are white. Subsequently, Edward McNeeley, a white person, swore in an affidavit that the Pelkas offered him the same apartment after informing Ms. Price that it had been rented.

On October 23, 1980, Ms. Price filed a complaint in the United States District Court for the Northern District of Ohio, alleging violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and 42 U.S.C. §§ 1981 and 1982. Ms. Price named Norbert, Gertrude, and Audrey Pelka as defendants. That same day, Ms. Price moved for and received a temporary restraining order ("TRO") prohibiting the defendants from showing, renting, or otherwise disposing of the apartment in issue.

On November 5, 1980, the court merged a hearing for a preliminary injunction with a trial on the merits. Prior to this hearing, the defendants and Ms. Price informed the district court that the defendants admitted their liability. Moreover, the defendants' counsel admitted their liability during his opening statement. At the hearing, Ms. Price testified that she was employed by the United States Postal System, that she was married, and that her husband was a plumber. She also testified that her two former landlords had each written letters stating that they would recommend her and her family very highly. Finally, she testified that her previous tenancy was terminated because the owners sold the house.

Immediately following the hearing, the district court found that the Pelkas had violated the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982. The court awarded Ms. Price compensatory damages of $500, punitive damages of $1,500, and $800 as a reasonable attorney's fee. That same day, the Pelkas represented to the court that the apartment at issue would be made available to Ms. Price.

The Pelkas later refused to make their dwelling available to Ms. Price. On November 26, 1980, the district court ordered the Pelkas to allow Ms. Price to enter the apartment by December 1, 1980. When the defendants failed to comply with this order, the court held the Pelkas in contempt. The court also directed the United States Marshall to assist Ms. Price in obtaining access to the Pelkas' apartment.

On December 5, 1980, Ms. Price moved to set off her security deposit and first month's rent against the judgment previously awarded. The district court granted this motion. Subsequently, Ms. Price's attorney sought additional attorney fees for the post-trial motions. The Pelkas, however, objected to this fee request.

Subsequently, the Pelkas filed a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b), alleging that Ms. Price had committed perjury at the November 5 hearing. Specifically, they alleged that Ms. Price was not married, and that she had been evicted from her previous tenancy. The Pelkas attached an affidavit supporting their allegations. Relying upon these allegations, the district court revoked its previous award of punitive damages and its award of attorney fees. The district court also refused to grant Ms. Price attorney fees for the post-trial motions. The court did not vacate its judgment that Ms. Price prevailed on the merits of her claims arising under the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982. Indeed, the district court reaffirmed its award of $500 as compensatory damages. Moreover, it did not order Ms. Price to vacate the Pelkas' apartment.

Ms. Price perfected this appeal.

## WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION

■ In making attorney fee awards in civil rights cases, "courts are no longer applying their historical equitable powers to devise an adequate remedy." *Northcross v.*

*Board of Education of Memphis City Schools,* 611 F.2d 624, 632 (6th Cir. 1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980). Instead, the award of attorney fees in civil rights cases is now a statutory remedy. *Id.* The standards for awarding attorney fees in cases arising under 42 U.S.C. §§ 1981 and 1982 are contained in the Civil Rights Attorneys Fee Awards Act of 1976, 42 U.S.C. § 1988, *as amended.* Section 1988 provides in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982 ... of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (Supp. IV 1980). Similarly, the standards for awarding attorney fees in cases arising under the Fair Housing Act are contained in 42 U.S.C. § 3612(c). Section 3612(c) provides:

### (C) INJUNCTIVE RELIEF AND DAMAGES—LIMITATION—COURT COSTS—ATTORNEYS FEES

> The court may grant as relief, as it deems appropriate, ... reasonable attorney fees in the case of a prevailing plaintiff: Provided, That the said plaintiff in the opinion of the court is not financially able to assume said attorney's fees.

42 U.S.C. § 3612(c) (1976). Thus, an award of attorney fees to a prevailing party under either 42 U.S.C. § 3612(c) or 42 U.S.C. § 1988 is within the district court's discretion.

In vacating the attorney's fee award for the trial, the district court reasoned as follows:

> The true beneficiary of an award of attorney fees is the prevailing party. Where a party has vindicated his or her rights in a civil rights case of this nature, that party should be entitled to receive

the additional benefit of having his or her counsel fees assessed against the wrongful party. However, where a party offers perjured testimony in order to support a claim of humiliation, anger, and embarrassment due to racial discrimination, an award of attorney fees to that party would be unjust. Notwithstanding the fact that the defendants admitted their liability prior to the trial, this Court does not find it appropriate to permit the plaintiff to benefit from an assessment of attorney fees against the defendants.

Ms. Price argues that the district court abused its discretion in vacating the attorney fee award for the trial on the merits. We agree.

The provisions of 42 U.S.C. § 1988 are more liberal than those of 42 U.S.C. § 3612(c). A prevailing party can recover attorney fees under section 3612(c) only if the district court finds that the party is not financially able to assume these fees. Section 1988, however, allows a prevailing plaintiff to recover without consideration of that party's financial condition. Ms. Price is clearly a prevailing party within the meaning of 42 U.S.C. § 1988 and 42 U.S.C. § 3612(c). She prevailed on the merits of her claim under the Fair Housing Act, and her claim under 42 U.S.C. §§ 1981 and 1982. *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192 (6th Cir. 1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979).[1]

Ms. Price prevailed on the merits of her claims arising under both the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982. We hold that she is entitled to benefit from the more liberal provisions of 42 U.S.C. § 1988. *Woods-Drake v. Lundy,* 667 F.2d 1198 (5th Cir. 1982). The language of section 1988 is permissive, therefore, an award of attorney fees is discretionary. *See Marr v. Rife,* 545 F.2d 554 (6th Cir. 1976). Our analysis fo-

---

**1.** *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192 (6th Cir. 1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979), involved an award of attorney's fees under section 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k) (1976). Congress, however, intended for the standards governing attorney's fees awards under Title VII to also apply to awards under 42 U.S.C. § 1988.

cuses only on the issue of whether the district court abused its discretion in vacating the award under 42 U.S.C. § 1988.

Although the language of section 1988 is permissive, the court must exercise its discretion consistent with the congressional purpose underlying this statute. In enacting the Civil Rights Attorney's Fees Awards Act of 1976, Congress intended for prevailing parties to ordinarily recover attorneys fees. Congress expressly stated that the prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." S.Rep.No.94–1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912, quoting *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 63, 100 S.Ct. 2024, 2030, 64 L.Ed.2d 723 (1980)[2]; *Northcross,* 611 F.2d at 633; *Monroe v. County Board of Education of [Madison County, Tennessee],* 583 F.2d 263, 265 (6th Cir. 1978).

█ There are no special circumstances in this case which would render an award of attorney fees unjust. It is undisputed that the Pelkas refused to rent their dwelling to Ms. Price solely because she is black. The Pelkas' liability for violating the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982 was not affected in any way by Ms. Price's perjury. Ms. Price testified that she was married, that her husband was a plumber, and that she had received favorable references from her former landlords. Although the Pelkas established that this testimony was untrue, Ms. Price's testimony was totally irrelevant to the question of whether the Pelkas violated the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982. In fact, prior to the trial, the Pelkas admitted their liability. During his opening statement, the Pelkas' attorney again admitted that they violated the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982. Moreover, nothing in the record indicates that Ms. Price's attorney contributed to her perjury. Indeed, it appears that Ms. Price's attorney did not know she was perjuring herself.

█ The Civil Rights Attorney's Fees Act should be liberally construed to achieve the public purposes involved in its enactment. *Seals v. Quarterly County Court of Madison County, Tennessee,* 562 F.2d 390, 393 (6th Cir. 1977); S.Rep.No.94–1011, *supra* at 5910. A primary purpose of the Civil Rights Attorney's Fees Act is to promote private enforcement of civil rights laws. The Senate Report accompanying the Civil Rights Attorney's Fees Awards Act states:

> [The] civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain.
>
> In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.

S.Rep.No.94–1011, *supra* at 5910.

█ Private enforcement of the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982 not only vindicates the civil rights of the individual victim of discrimination, but promotes the public interest by eradicating housing discrimination. The eradication of housing discrimination is a policy that Congress considered to be of the highest priority. *Trafficante v. Metropolitan Life Insurance Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972).

The district court's order, if allowed to stand, would frustrate the policy of promoting private enforcement of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* and the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1982. Awards of attorney fees

2. *See* note 1.

are an integral part of the remedies necessary to obtain compliance with the civil rights laws. S.Rep.No.94–1011, *supra* at 5913. Congress recognized that section 1988 benefits the individual victims of discrimination and the public interest by eradicating housing discrimination. Private enforcement of the laws prohibiting housing discrimination cannot effectively occur if the victims of discrimination are required to act as their own legal representatives. Therefore, competent counsel must be attracted to these types of cases. *See* S.Rep. No.94–1011, *supra* at 5913.

Competent counsel will be reluctant to represent potential plaintiffs if courts withhold attorney fee awards even though the plaintiffs prevail on the merits. This is especially true in cases like this one, where Ms. Price's perjury had absolutely no relevance to the question of whether the Pelkas violated Ms. Price's civil rights. Moreover, Ms. Price's attorney did not contribute to her perjury. Thus, allowing the district court to vacate the attorney's fee award under these circumstances would effectively

chill a victim of discrimination's ability to attract competent counsel.[3]

Accordingly, we hold that the district court abused its discretion in vacating the award of attorney fees for the trial on the merits. The judgment of the district court is reversed, and this case is remanded to the district court for proceedings consistent with this opinion.[4]

MERRITT, Circuit Judge, dissenting.

I respectfully disagree with our Court that District Judge Ann Aldrich erred by denying attorney's fees to plaintiff in this fair housing case. The District Court reasoned as follows:

The true beneficiary of an award of attorney fees is the prevailing party. Where a party has vindicated his or her rights in a civil rights case of this nature, that party should be entitled to receive the additional benefit of having his or her counsel fees assessed against the wrongful party. However, where a party offers perjured testimony in order to support a claim of humiliation, anger, and

---

**3.** The district court's order vacating the award of attorney's fees was intended to punish Ms. Price for perjuring herself. The court reasoned that "the true beneficiary of an award of attorney fees is the prevailing party." Thus, it would be inappropriate to allow the plaintiff to benefit from an attorney fee award.

The reasoning of the Fifth Circuit in *Lipscomb v. Wise*, 643 F.2d 319 (5th Cir. 1981) is contrary to the district court's reasoning. In *Lipscomb* the court held that attorneys who represented plaintiffs in a civil rights suit had standing to appeal a district court's denial of attorney's fees. The court stated:

Ordinarily, an appeal from a judgment may be taken only by a party-litigant adversely affected by it. In theory, attorneys for a litigant are not personally affected by a judgment. Even in the limited class of cases in which attorney's fees may be awarded, the award is made to the prevailing party, not to counsel. However, as a practical matter, the lawyer is frequently the only person adversely affected when attorney's fees are denied. An indigent client has no real financial interest in whether his attorney is awarded fees. If the client is not indigent, the attorney may still be the party aggrieved in fact, if the client's net recovery is not affected by the amount allowed for fees. When they are the

real parties in interest, attorneys are entitled to a day in court.
643 F.2d at 320.

**4.** Ms. Price also argues that the district court abused its discretion in denying her motion for an award of attorney's fees for several post-trial motions. After finding that the Pelkas had violated the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982, the district judge ordered, *inter alia*, the Pelkas to provide Ms. Price with access to the apartment. Ms. Price's post-trial motions primarily sought to obtain compliance with this order. Thereafter, she obtained access to the Pelkas' apartment.

Ms. Price prevailed on the merits of her claims under the Fair Housing Act and 42 U.S.C. §§ 1981 and 1982. Her perjury did not affect the Pelkas' liability. Therefore, although the court vacated the award of attorney's fees and punitive damages, it reaffirmed the award of compensatory damages. To the extent that Ms. Price's post-trial efforts allowed her to receive compensatory damages and to obtain access to the apartment, she is entitled to reasonable attorney's fees under 42 U.S.C. § 1988. Accordingly, on remand, the district court should award reasonable attorney's fees for Ms. Price's post-trial efforts pursuant to the standards set forth in *Northcross,* 611 F.2d at 624.

embarrassment due to racial discrimination, an award of attorney fees to that party would be unjust.

(App. at 102.)

Although the defendants committed a serious wrong under the Fair Housing Act and were required to pay for it in damages, the plaintiff committed another serious wrong: she lied several times under oath in the court below in answer to questions concerning her credibility, character and damages. She testified that she had a steady job, was married, had a good previous record and had never been evicted for misconduct. These statements were false.

Our Court has now apparently read equitable principles completely out of the Civil Rights Attorneys Fees statute, 42 U.S.C. § 1988, and has advanced the view that a prevailing plaintiff must, willy-nilly, be awarded such fees in a civil rights case no matter how inequitable. Although I agree that "prevailing" civil rights plaintiffs should ordinarily be awarded attorney's fees, I would not eliminate equitable considerations from the decisional process. I would follow the principle stated in *Newman v. Piggie Park Enterprises, Inc.,* 300 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), interpreting a similar discretionary-fee-award provision of Title II of the Civil Rights Act of 1964. The Court held that successful plaintiffs are entitled to recover "unless special circumstances would render such an award unjust." *Id.* at 402, 88 S.Ct. at 966. Those "special circumstances" are present here, as Judge Aldrich found.

Historically at common law in America the award of attorney's fees was an "equitable" matter that addressed itself in certain cases to the chancellor's "discretion" or conscience. The Supreme Court has observed that the question "is part of the historic equity jurisdiction of the federal courts" and "part of the original authority of the chancellor to do equity in a particular situation." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 166, 59 S.Ct. 777, 779, 83 L.Ed. 1184 (1937). For a thorough discussion of the history of awards of attorney's fees in the United States, see the majority and

dissenting opinions of Justices White and Marshall in *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 272, 95 S.Ct. 1612, 1629, 44 L.Ed.2d 141 (1975), and Professor Dawson's article, *Lawyers and Involuntary Clients in Public Interest Litigation,* 88 HARV.L.REV. 849 (1975).

Section 1988 provides that a successful civil rights plaintiff should be awarded fees "in the discretion" of the district judge. Nothing in this language suggests that it was intended to eliminate equitable considerations from the equation. I do not know what the rationale for such a strange reading of the word "discretion" would be, and the Court has not tried to provide a rationale. It has not tried to argue that such awards are designed simply to compensate the lawyer rather than benefit the client by easing the burden of litigation, and my review of the legislative history of the statute and the cases indicates there is no support whatever for the plaintiff's position that § 1988 should be read as a lawyer's welfare bill.

The fact that the plaintiff's misconduct was not directly connected with her testimony regarding defendants' liability, a point stressed by the Court, seems irrelevant to me. Her misconduct took place in the courtroom and was directly connected with the case. If she had engaged in an assault on the defendants, their lawyer or other participants in the case, I think that also might justify the denial of attorney's fees, although such conduct does not go to the liability phase of the case. I know of no principle that limits the clean hands doctrine and other equitable considerations so narrowly.

Despite her conduct in the court below, the "legal" rights of the plaintiff were enforced in the main action. No clean hands doctrine or other equitable principle was used to bar her from obtaining her due under the Fair Housing Act. But the question of attorney's fees is a question of equity, and the plaintiff has not done equity. Her deliberate and repeated falsehoods under oath to the District Court, like the defendants' conduct, is reprehensible. The

District Court was entitled to exercise its discretion to deny attorney's fees. It sought to redress both of the wrongs committed in this case—the plaintiff's as well as the defendants'. Our Court's willingness to recognize only the defendants' wrong and to overlook plaintiff's perjury provides an incentive for civil rights plaintiffs and their counsel to win cases and attorney's fees through deception and unethical conduct, thereby undermining the integrity of the judicial process. Refusal to reward plaintiff's conduct does not disparage civil rights or any principle of equality. It enhances the principle of equality by requiring an equal respect for the dignity of others from both the civil rights plaintiff and the civil rights defendant and expresses the view that both must observe the ties that bind society.